Lee **LEONARD**, Plaintiff,

v.

Noah C. A. **WALTER**, Deputy Commissioner, United States Department of Labor, Defendant.

**AETNA CASUALTY & SURETY CO.**

and

**Armstrong Contracting & Supply Corporation, Plaintiffs,**

v.

Noah C. A. **WALTER**, Deputy Commissioner, United States Department of Labor, Defendant.

Civ. A. Nos. 1923–72, 1917–72.

United States District Court,
District of Columbia.

March 13, 1973.

over the conduct of foreign corporations carried on within their borders.

J. Koonz, Washington, D. C., for plaintiffs.

Ellen Lee Park, Asst. U. S. Atty., U. S. District Court, for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN H. PRATT, District Judge.

These two workmen's compensation cases arise under the Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901 et seq. (1970). They were filed separately on the same day and later were consolidated. Plaintiff-employer in No. 1917–72 moved to review and set aside the workmen's compensation order of August 31, 1972 under § 921(b) of the Act. That section requires that as a condition precedent to the plaintiff-employer obtaining judicial review of the compensation order, it pay to the employee the full amount of the order. The only way the employer can stay this result is to obtain an interlocutory injunction after a demonstration of irreparable damage which would otherwise occur. § 921(b). Such an application was not made in this case, but the plaintiff-employer contends that other sections of the Act permit him to delay payment. In the companion case, plaintiff-employee in No. 1923–72 has moved to set aside the August 31, 1972 order and to enter a new order awarding compensation benefits for permanent total disability beginning March 19, 1965 instead of June 5, 1970, as provided in the August 31, 1972 order.

Under the statute several situations can give rise to a suit. Ordinarily a compensation order becomes "final" unless the employer institutes proceedings to set it aside within thirty days of the entry of the order. § 921(a). Plaintiff-employer in No. 1917–72 filed a timely suit to set aside the award. When the employer defaulted on the award, the employee applied for and obtained a default judgment from the deputy commissioner. The statute provides that the "supplementary order" "shall be final" and upon application a District Court "shall . . enter judgment for the amount declared

in default . . . if . . . [the] order is in accordance with law." § 918 (a). Thus, if the employee seeks to enforce a default the employer does not have to pay the supplementary award until the Court finds that the award "was in accordance with law." *Id.* Section 921(c) must also be read with § 918(a). There the beneficiary of the deputy commissioner's award or the deputy commissioner himself can seek to enforce a "final" order that was issued by the deputy commissioner by applying for enforcement to a District Court. § 921(c). Such a final order can be either the deputy commissioner's original order or his supplemental order if one was entered. Once again, before enforcement of the final order the Court must determine whether the order was made "in accordance with law" and the employer does not have to pay the award until that determination. All the above applies, however, only when either the deputy commissioner or the employee seek to have the award enforced. When the employer seeks to prevent an order from becoming final under § 921(a), as was done in this case, he must proceed under § 921(b).

It is the holding of this Court that the language of the statute requires the employer to make payment of the award before he can obtain a ruling on his claim before this Court to set aside said award. *See* Greyhound Corp. v. Walter, C.A. No. 2722–69 (D.D.C. filed Nov. 19, 1970); London Guarantee & Accident Co. v. Garrell, C.A. No. 1747–69 (D.D.C. filed April 28, 1970). The employer can challenge the order but "[t]he payment of the amounts required by an award shall not be stayed pending final decision in any such proceeding unless" the employer has obtained an interlocutory injunction and shown irreparable damage. § 921(b). The employer made no such showing in No. 1917–72. Congress thus has determined that the employer shall not have to take what he might characterize as a risk of payment of money whenever the employee or the deputy commissioner seeks to enforce an order. But when the employer himself seeks to institute an action as plaintiff and not to respond as defendant, Congress has ruled that he must first make payment of the award to the employee. § 921(b).

On December 13, 1972 we granted plaintiff-employee's motion to enforce the award and directed the plaintiff-employer to make payment of the award in accordance with § 921(b). After a minor modification of that order, the Court directed that payment be made "forthwith" on January 4, 1973. The employer did not make the payment and the matter came before the Court on a motion to show cause on March 8, 1973. The employee and the employer, however, agreed at the hearing not to proceed with the matter of the employer's obligation to make payment of the award and instead have argued their pending summary judgment motions to the Court. According, this Court passes to the merits of both cases and realizing the Court's limited scope of review of the evidence, *see* Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), we find that there is substantial evidence to support the finding of the deputy commissioner, *cf.* O'Keeffe v. Smith, Hinchman & Grylls Asso., 380 U.S. 359, 361–362, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).

It is, therefore, this 13th day of March, 1973,

Ordered, (1) that defendant's cross motions for summary judgment in Nos. 1917–72 and 1923–72, be and hereby are granted;

(2) that plaintiffs' motions for summary judgment in Nos. 1917–72 and 1923–72 be and hereby are denied;

(3) that within ten (10) days of this Order, plaintiff-employer in No. 1917–72 pay to plaintiff-employee in No. 1923–72,

(a) the sum of compensation in default under the compensation order filed on August 31, 1972, plus

(b) an additional sum equal to twenty per cent (20%) of the unpaid compensa-

tion installments, in accord with 33 U.S. C. § 914(b) and (m) (1970), plus

(c) interest at the rate of six per cent (6%) per annum on each past due installment of compensation from June 5, 1970 to the date of this Order.